UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 8:22-CR-334-KKM

ROGER LEE CALDWELL, JR.
_____/

### SENTENCING MEMORANDUM AND MOTION FOR IMPOSITION OF A REASONABLE SENTENCE

Defendant, ROGER LEE CALDWELL, JR., by and through the undersigned counsel, pursuant to 18 U.S.C. §§ 3553, 3661, and Rule 32(i) of the Federal Rules of Criminal Procedure, hereby moves this Honorable Court to impose a sentence of 15 years in the Bureau of Prison or another sentence significantly below the applicable Guidelines range of life and in support thereof, presents the following relevant information for this Court to consider in determining a reasonable sentence to impose in this case:

### Defendant maintains in Innocence

Defendant objects to the factual allegations that are set forth in the presentence report, detailing the offense conduct, paragraphs 11 through 18, and he maintains his innocence as it relates to the offense conduct.

### Defendant agrees with the Government's Objection regarding Paragraph 45

Defendant adopts the arguments raised by the United States as it relates to paragraph 45. Defendant further acknowledge, that regardless of the court's ruling as it relates to paragraph 45, the guideline recommended range remains at Life.

## Sentencing Considerations

Mr. Caldwell has a very limited criminal history. Probation has proposed a guideline range for Mr. Caldwell as set forth in the PSR of Life. Counsel argues that the guideline sentence recommended by probation in the PSR is excessive given the circumstances of this case.

## The 18 U.S.C. § 3553(a) Factors

The facts and circumstances surrounding Mr. Caldwell's offense, do not call for the imposition of the sentence of imprisonment suggested under the Guidelines. In *Gall v. United States*, 522 U.S. 38, 128 S.Ct. 586, 594 (2007), the Supreme Court held that district courts are not required to make a finding of extraordinary circumstances in order to impose a sentence below the Guidelines recommendation. Instead, the Guidelines, "as a matter of administration and to secure nationwide consistency[,] … should be the starting point and the initial benchmark," but they are not the only consideration in sentencing. *Id.* at 596.

After properly calculating the Guidelines range, the district court must then make an individual assessment of the case and consider each of the factors set forth

in 18 U.S.C. § 3553(a) before deciding upon a sentence. *Gall v. United States*, 522 U.S. 38, 128 S.Ct. at 596-97. Those factors include:

> (1) the nature and circumstance of the offense;
> (2) the history and characteristics of the defendant;
> (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
> (4) the need to protect the public; and
> (5) the Guidelines range, as well as
> (6) the kinds of sentences available;
> (7) the need to avoid sentencing disparities among similar defendants who have been found guilty; and
> (8) the need to provide restitution to victims of the offense.

*United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006) (citations omitted); *see also United States v. Talley*, 431 F.3d 784 (11th Cir. 2005). The Guidelines range is thus only one of many factors that courts must consider in determining a reasonable sentence. *Id.; Gall*, 128 S.Ct. at 597, n.6.

The Eleventh Circuit, furthermore, has held that a sentence within the Guideline range cannot be presumed to be reasonable per se in light of *United States v. Booker*, 543 U.S. 220 (2005). *Tally*, 431 F.3d at 786. Thus, while the court affirmed that the Guidelines remain "central" to the sentencing process, it went on to observe that, "[t]o say that a sentence within the Guidelines range is 'by itself' reasonable is to ignore the requirement that the district court, when determining a sentence, take into account the other factors listed in section 3553(a)." Likewise, as the Supreme Court noted in *Gall*:

> The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. … It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.

*Gall*, 128 S.Ct. at 597-98 (internal citations omitted).

As such, a consideration of the various 18 U.S.C. § 3553(a) factors applicable in the instant case, including the defendant's unique history and characteristics, the need for the sentence imposed, and the need to provide just punishment and protect the public, all establish that a sentence below the applicable Guidelines range would be a punishment sufficient, but not greater than necessary, to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## **The Need for the Sentence Imposed**

### Mr. Caldwell's Criminal History

Aside from the instant case, Mr. Caldwell's criminal history is insignificant. In arriving at an appropriate sentence the court should balance punishment, deterrence and rehabilitation. Counsel would propose that a sentence well below the guidelines range is reasonable and appropriate; balancing the goals of sentencing. Mr. Caldwell and others will be deterred by a below the guidelines sentence. A sentence of 15 years is clearly punishment, considering the circumstances of this case. Furthermore, a sentence well below the applicable Guidelines range will not

only provide just punishment in this case, but such sentence will afford adequate deterrence to the criminal conduct in this case, will reflect the seriousness of the offense, and will promote respect for the law.

### Mr. Caldwell's Serious Health Concerns

While awaiting sentencing at the Citrus County Detention Center, Mr. Caldwell has had numerous heart related complications, including but not limited to an almost month-long hospital stay outside of the detention facility. During that hospitalization, Mr. Caldwell had a four-level bypass surgery. Mr. Caldwell is currently supposed to receive rehabilitative care and it is uncertain to counsel to what degree said care is being provided. While the PSR paragraph 88 indicates that defendant has not returned signed release forms, counsel would propose that probation bring release form to court for this week's sentencing hearing so that the report can be supplemented with the very important medical records relevant to both placement and healthcare provided to Mr. Caldwell while incarcerated.

### **CONCLUSION**

Respectfully, the proposed guideline range is excessive and sentence of 15 years followed by supervised release satisfies the need for punishment and is fair. Pursuant to the enumerated 18 U.S.C. §3553(a) factors, a sentence of 15 years followed by supervised release would satisfy the goals of sentencing.

Respectfully Submitted,

s/ *Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
BJORN E. BRUNVAND, P.A.
Florida Bar # 0831077
CJA Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 28, 2024, I electronically filed the following with Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
BJORN E. BRUNVAND, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone:  727-446-7505
Facsimile:  727-446-8147
E-Mail: bjorn@acquitter.com
Florida Bar # 0831077
Counsel for Defendant